**Steward JONES, Jr., Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 7844.**

Court of Civil Appeals of Texas, Beaumont.

June 17, 1976.

R. E. McDaniel, Winnie, for appellant.

Francie A. Patterson, Asst. Dist. Atty., Beaumont, for appellee.

DIES, Chief Justice.

On August 12, 1975, Steward Jones, Jr., was involved in a motor vehicle accident on a public street. He had no liability insurance. On October 29, 1975, the Texas Department of Public Safety sent Jones a "Notice of Suspension." Jones requested and received a hearing on December 5, 1975, before a Justice Court, as provided in Tex.Rev.Civ.Stat.Ann. art. 6701h (Supp. 1975–1976). The Justice of the Peace found for the Department of Public Safety, and the Department on December 26, 1975, sent Jones an "Order of Suspension" (of his license to operate a motor vehicle). On January 5, 1976, Jones filed an appeal with the County Clerk of Jefferson County. On February 20, 1976, the trial court dismissed the appeal concluding "that under the present statute, such appeals must be filed in the County Court at Law within twenty days from the date of the ruling of the Justice Court in said matters." From this Order of Dismissal, Jones has perfected this appeal.

Tex.Rev.Civ.Stat.Ann. art. 6701h § 5(b) (Supp.1976) provides:

'If, after a hearing, the determination is that there is a reasonable probability of a judgment being rendered against the person as a result of the accident, the person may appeal the findings to the county court of the county in which the hearing was held and the appeal shall be de novo.

"If a written request for a hearing is not delivered or mailed to the Department within twenty (20) days after personal service or the mailing of notice and the person has not established within that time that the provisions of this section do not apply to him *or if within twenty (20) days after a hearing and exhaustion of the appeal procedure,* if an appeal is made in which the decision is against the person requesting the hearing, security and proof of financial responsibility . . ." etc. (Emphasis supplied.)

Obviously Jones' appeal did not comply with this provision. However, he cites us Tex.Rev.Civ.Stat.Ann. art. 6701h § 2(b) (1969) as follows:

."(b) Any order or act of the Department, under the provisions of this Act, may be subject to review within thirty (30) days after notice thereof, or thereafter for good cause shown, by appeal to the County Court at Law . . . ." etc.

His appeal did comply with this provision. We hold that his appeal was timely and reverse the judgment of the trial court and remand the cause for a trial upon the merits.

REVERSED and REMANDED.

STEPHENSON, J., not participating.